UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-243

| | | |
|---|---|---|
| **MELVIN HELMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's (#11) and defendant's (#15) cross Motions for Summary Judgment. The matter is ripe for review. Having carefully considered each motion and reviewed the pleadings, the court enters the following findings and Order.

### FINDINGS AND CONCLUSIONS

**I.**     **Administrative History**

On November 3, 2013, plaintiff filed an application for Title II and Title XVI benefits, alleging a disability that commenced on September 18, 2013. (Tr. 184, 192). Plaintiff's claim was denied initially on March 31, 2014, and upon reconsideration on June 25, 2014. (Tr. 118, 132, 136). On November 17, 2016, Administrative Law Judge Benjamin B. McMillion ("the ALJ") issued a written decision denying plaintiff's claim on the basis that he was not disabled within the meaning of the Act. (Tr. 24). On March 8, 2017, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1).

**II.**     **Factual Background**

The court adopts and incorporates the ALJ's factual findings herein as if fully set forth.

Such findings are referenced in the substantive discussion which follows.

### III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, supra.

Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. Hays v. Sullivan, supra. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

### IV. Substantial Evidence

**A. Introduction**

The court has read the transcript of plaintiff's administrative hearing, closely read the

decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether the court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. Here, the court finds that the ALJ's decision was supported by substantial evidence, and it will thus be affirmed.

**B. Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity ("RFC"), the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

  e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

  **C. The Administrative Decision**

  At step one of the sequential evaluation, the ALJ found that plaintiff had not engaged in substantial gainful activity ("SGA") since his alleged onset date. (Tr. 29). At step two, the ALJ found that plaintiff had a severe impairment or combination of impairments within the meaning of the regulations, specifically: left hip pain secondary to hematoma and osteoarthritis; neurofibromatosis; lumbar degenerative disc disease; scoliosis; cervical degenerative disc disease; right shoulder degenerative joint disease and impingement; right cubital tunnel syndrome; chronic obstructive pulmonary disease ("COPD"); and asthma. (Tr. 29). At step three, the ALJ found that none of plaintiff's impairments, or any combination thereof, met or equaled one of the conditions in the Listing. (Tr. 30).

  Then, before step four and upon review of the record, the ALJ determined that plaintiff had the RFC to perform medium work, with the limitation of avoiding concentrated exposure to fumes, odors, dust, gases, and poor ventilation. (Tr. 30). Based on this RFC assessment, the ALJ determined at step four that plaintiff was capable of performing his past relevant work as a concrete

mixing truck driver. (Tr. 36). Such finding ended the sequential evaluation, with the ALJ finding that plaintiff was not disabled within the meaning of the Act during the period at issue. (Tr. 38).

**D. Discussion**

The court has closely read plaintiff's memorandum (#12) supporting his Motion for Summary Judgment (#11). Plaintiff argues that the ALJ erred by failing to properly account for several impairments when determining plaintiff's RFC, as plaintiff claims they significantly limit his ability to perform basic work activities, including reaching, handling, and fingering due to degenerative changes affecting his right arm and hand.

Here, the ALJ did consider the impairments named by plaintiff and their associated symptoms, such as numbness in the fingers of plaintiff's right hand and difficulty gripping and reaching overhead. (Tr. 31). However, the ALJ also makes it clear in his analysis why he does not find the symptoms to be as severe or disabling as plaintiff claims, and how medical evidence supports his analysis. The ALJ reviewed plaintiff's physical examinations from 2014 to 2016, as well as examinations with a neurologist in May and August 2016. (Tr. 32-33). While degenerative changes were noted and cubital tunnel in the right elbow was present, the ALJ determined that the examinations directly contradict plaintiff's allegations of the above described difficulties. Consistent with that conclusion, the April, May, June, August, and September 2016 examinations all noted normal motor strength, range of motion, and grip strength in his extremities. (Tr. 33-34). In addition, evidence of plaintiff's daily routine reinforced the ALJ's RFC finding, including that plaintiff lives alone, can prepare food, and shops for groceries by himself. In short, there is substantial evidence referenced in the determination that supports the ALJ's RFC finding that plaintiff's symptoms were not as severe as he alleged, and the ALJ has clearly and logically

illustrated his chain of reasoning. The court does not find grounds for reversal.

E.  Conclusion

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's complaint, the cross Motions for Summary Judgment, and accompanying memoranda. Review of the entire record reveals that the decision of the ALJ was supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. As this court finds that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion for Summary Judgment (#11) is **DENIED**, the Commissioner's Motion for Summary Judgment (#15) is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

Signed: February 2, 2018

Max O. Cogburn Jr.
United States District Judge